## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

**DEBBIE VANCLEAVE,**

    **Plaintiff/Appellant,**

**vs.**

**MATTHEW MARKOWSKI AND
DIANE MARKOWSKI,**

    **Defendants/Appellees.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

From the Circuit Court
for Madison County, Tennessee

The Honorable Whit LaFon, Judge

Madison County Circuit No. C-94-210
Appeal No. 02A01-9602-CV-00035

**AFFIRMED**
Russell E. Reviere
Bradford D. Box
Jackson, Tennessee
Defendant/Appellee

James H. Bradberry
Dresden, Tennessee
Attorney for Plaintiff/Appellant

**FILED**

**Dec. 2, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

---

## MEMORANDUM OPINION[1]

---

This matter appears appropriate for consideration pursuant to Rule 10(b) of the Rules of the Court of Appeals of Tennessee.

The plaintiff/appellant in this cause, Debbie VanCleave ("VanCleave"), appeals the trial court's grant of summary judgment in favor of Defendants/Appellees, Matthew and Diane Markowski. On October 3, 1993, VanCleave was a guest at the Markowski house. Diane Markowski and VanCleave went into the Markowski's back yard to the deck area around the swimming pool. They walked on the deck and looked at the landscaping in the back yard.

The deck area near the pool normally contained a skimmer used to clean the pool. During the fall and winter the pool was covered and the skimmer removed, leaving an opening approximately 18 inches wide and 3 feet long. As VanCleave walked behind Markowski, VanCleave fell and her right knee went into the opening, resulting in injuries to her left ankle. She later filed a lawsuit against the Markowskis, alleging negligence and seeking compensatory damages.

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee). -- (b) **Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

After discovery, the Markowskis filed a motion for summary judgment, arguing that the opening in the deck was open and obvious and that VanCleave had admitted this in her deposition. The trial court found that:

> . . . [T]he plaintiff was injured on an opening in the deck which was clearly visible and not concealed and that anyone walking on the premises should have been able to observe it.

Consequently, the trial court entered summary judgment in favor of the Markowskis.

Our review of the trial court's order granting summary judgment is ***de novo*** on the record before this Court, with no presumption of correctness. ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). From our examination of the record, it appears that the opening on which the plaintiff was injured was "clearly visible and not concealed," and that the trial court appropriately entered summary judgment in favor of the Markowskis.

The trial court's order granting summary judgment to Appellees is hereby affirmed. Costs are taxed to Appellant, for which execution may issue if necessary.

_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P.J., W.S.**

_____
**ALAN E. HIGHERS, J.**